Reginald S. Oliver, J.
The above 15-year-old was tried on February 26, 1973, on a petition alleging him to be a juvenile delinquent in that he hunted migratory game birds on October 15, 1972, using a shotgun which was not plugged so as to limit its shell capacity to three shells.
The law is undisputed that in hunting migratory game birds, a shotgun must be manufactured or plugged so that no more than three shells in magazine and chamber combined can be accommodated at one time. (6 NYCRR 2.30 [b] [1] [i].)
Hunting means pursuing, shooting, killing or capturing wildlife, including such lesser acts as disturbing, harrying or worrying, and every attempt to take and every act of assistance to any other person in taking or attempting to take wildlife. (ECL, § 11-0103, subd. 10.)
Hlegal hunting is a misdemeanor. (ECL, § 71-0921.)
The respondent’s guilt must be proven beyond a reasonable doubt, and that burden is upon the petitioner throughout the proceeding. (Matter of Winship, 397 U. S. 358.) At no time is the respondent required to prove his innocence. The presumption of innocence must be overcome by the prosecution.
The respondent and his brother-in-law testified they were returning to their automobile and stopped to talk to three other hunters who were goose hunting in a cornfield. They both stated they had spent the afternoon squirrel hunting in a large *1098 woods adjacent to the cornfield, and had not been nor had any intention to hunt migratory fowl.
The arresting officer testified that he heard some shots, apd went to investigate. After arriving on the scene in the cornfield, he observed some goose decoys, one dead goose, and the five hunters standing in close proximity with each other, conversing. Examination of the respondent’s pump shotgun disclosed that there were four shells in the magazine and one in the chamber, exceeding the legal limit by two shells if in fact the respondent was engaged in hunting wild geese.
The prosecution makes the argument that in the field at the time of the arrest there was no mention made by the respondent or his brother-in-law that they had been squirrel hunting, implying that the squirrel hunt was dreamed up later. The question arises whether the officer would have arrested the respondent had he been apprehended in the woods.
His location in the woods would not prevent the possibility of a low flying goose coming into range. If the goose was not shot at, would the respondent still be subject to arrest for having five shells in his gun, merely because the goose happened by? Obviously, the question must be answered in the negative.
The situation differs from that wherein it is illegal during certain seasons to even be afield with certain designated firearms.
It cannot be said that the circumstances under which the respondent was apprehended, without more, can be held to be sufficient to sustain a conviction. A chance happening upon others in the field cannot be a crime. The officer must observe some overt act which falls within the definition of hunting.
The court therefore finds that there is a reasonable doubt as to the guilt of the respondent. The prosecution could have subpoenaed the other three hunters who were at the scene, but did not do so. Their testimony might have bolstered the prosecution’s case, but convictions cannot be based on conjecture.